UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>MARK N. KINSEY, et al.,<br><br>                    Defendants. | NO:  1:14-CV-3080-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is United States of America's Motion and Memorandum for Summary Judgment (ECF No. 24).  The order was submitted for consideration without oral argument. Pamela J. DeRusha represents Plaintiff United States of America.  Paul H. Williams represents Defendants Mark N. Kinsey and Jodi M. Kinsey.[1]

---

[1] An Order of Default was entered against Defendant Maria Turley on April 8, 2015, ECF No. 23.  Defendant Turley was named in this action because she resides on a portion of the real property described in the mortgages.  ECF No. 25-1 ¶ 36.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**BACKGROUND**

This action is brought by the United States of America, on behalf of the Farm Service Agency ("FSA"), to foreclose mortgages on Defendant Kinsey's real property, to enforce is security interest on certain equipment, to recover interest from the date of judgment until paid in full, and to recover costs of bringing this suit.  ECF No. 1.

In the instant motion, Plaintiff moves for summary judgment.  ECF No. 24.  Defendants have not responded to Plaintiff's motion.

**FACTS**

The following are the uncontested, material facts.[2]

---

Defendants Washington State Department of Social and Health Services and Citibank, N.A., have disclaimed all interest in the subject property.  ECF Nos. 7; 19.  Defendant Washington State Department of Social and Health Services was terminated from this action on October 31, 2014.  ECF No. 13 at 2.  Defendant Citibank, N.A., was dismissed on April 9, 2015.  ECF No. 22.

[2] For purposes of summary judgment, "the Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth [in the non-moving party's opposing statement of facts]."  LR 56.1(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1    Between September 2002 and July 2006, Defendants Mark and Jodi Kinsey,

2   husband and wife, entered into several promissory notes, mortgages, and security

3   agreements with Plaintiff.

4    On September 9, 2002, Defendants Kinsey executed and delivered a

5   promissory note in the amount of $200,000.00.  ECF Nos. 1-1, Ex. A; 8 ¶ 2

6   (admitting execution of promissory note).  On the same day, Defendants Kinsey

7   executed and delivered to Plaintiff a real estate mortgage to secure payment of the

8   promissory note, ECF Nos. 1-1, Ex. B; 8 ¶ 3 (admitting execution of mortgage),

9   which mortgage was recorded on September 11, 2002, ECF No. 25-1 ¶ 4.

10    On May 8, 2003, Defendants Kinsey rescheduled the September 9, 2002

11   promissory note by executing and delivering to Plaintiff a promissory note in the

12   amount of $205,893.15.  ECF Nos. 1-1, Ex. C; 8 ¶ 4 (admitting execution of

13   promissory note).  On the same day, Defendants Kinsey executed and delivered to

14   Plaintiff a real estate mortgage to secure payment of the promissory note, ECF

15   Nos. 1-1, Ex. D; 8 ¶ 5 (admitting execution of mortgage), which mortgage was

16   recorded on May 12, 2003, ECF No. 25-1 ¶ 7.

17    On May 10, 2004, Defendants Kinsey executed and delivered two

18   promissory notes for separate loans to Plaintiff—one in the amount of

19   $178,390.00, ECF Nos 1-1, Ex. E; 8 ¶ 6 (admitting execution of promissory note),

20   and the other in the amount of $159,330.00, ECF Nos. 1-1, Ex. F; 8 ¶ 7 (admitting

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

execution of promissory note).  On the same day, Defendants Kinsey executed and delivered to Plaintiff a real estate mortgage to secure payment of these promissory notes, ECF Nos. 1-1, Ex. G; 8 ¶ 8 (admitting execution of mortgage), which mortgage was recorded on May 10, 2005, ECF No. 25-1 ¶ 12.

Each promissory note set forth a payment schedule.  ECF No. 1-1, Exs. A, C, E, F, I.  Pursuant to the terms of each mortgage and promissory note, Plaintiff could declare the indebtedness immediately due and payable upon default of payments.  *Id.*, Exs. B, D, G, & J.  Further, in the event of default, Plaintiff could foreclose on the property subject to the mortgages.  *Id.*, Exs. B, D, G, J.

On July 20, 2006, Defendants Kinsey and Plaintiff entered into a Shared Appreciation Agreement to write down a portion of Defendants Kinsey's debt. ECF Nos. 1-1, Ex. H; 8 ¶ 9 (admitting execution of agreement). To evidence the write down, Defendants Kinsey executed and delivered to Plaintiff a promissory note in the amount of $88,293.22.  ECF Nos. 1-1, Ex. I; 8 ¶ 10 (admitting execution of promissory note).  On the same day, Defendants Kinsey executed and delivered to Plaintiff a real estate mortgage, ECF Nos. 1-1, Ex. J; No. 8 ¶ 11 (admitting execution of mortgage), which mortgage was recorded on July 24, 2006, ECF No. 25-1 ¶ 17.  Pursuant to the terms of this agreement, the written down indebtedness became due on October 15, 2009, when the promissory notes were accelerated.  ECF Nos. 1-1, Ex. H; 25-1 ¶ 18.

To further secure payment of the promissory notes, detailed above, Defendants executed security agreements dated May 14, 2002, May 8, 2003, and April 26, 2004, describing all farm equipment (except small tools and inventory) now owned or hereafter acquired, and any and all crops, annual and perennial, planted, growing or grown or harvested.  ECF No. 1-1, Exs. L, M, N.  Plaintiff perfected these security agreements by filing a financing statement on March 18, 2002, a continuation statement on January 12, 2007, and an additional continuation statement on September 28, 2011.  *Id.*, Ex. O.  Plaintiff acquired a perfected security interest in the following described farm equipment located in the State of Washington:

```
Blade (Ditcher) - Servis E3WM, S/N 21372
Blade - Landpride 6' /3 pt
Blade, Ford 8'
Cultivator - Squash / 8'
3 Ditchers
Loader - JD 158, S/N E0158016803W
Front Loader - Kubota LA854/L4240/4740/504, S/N B0574
2 Manure Spreaders - NH 130, S/N 200075/200077
Beater - Rinleri T311 A/6', S/N 31172400
Rotovator - Northwest 6'
Tractor, MF 240, S/N P36322
Tractor, MF 240, S/N P36355
Tractor, Ford NH 5640 - 1996
Tractor, JD 2240, S/N 267434L
Tractor, Ford 8N, S/N 4024-J28
Tractor, Farmall 100, S/N 1107093-6D11
Tractor, JD 2510, S/N 067406T
Tractor (w/foldable RO) - Kubota L3400DT 1F 4wd, S/N 81061
Tractor (w/foldable RO) - Kubota L280DT 1F 4wd, S/N 80489
Tractor (cab) - Kubota L5240 HSTC-1 4wd, S/N 50448
```

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

Rodweeder - Asparagus
Weeder (Finger) - 5 row
Tractor (w/foldable RO) Kubota L2800DT-1F-4wd, S/N 80487
1972 Ford F600 Truck, VIN #F61DVN60361
1973 Ford F600 Truck, VIN #F60KCR12741
1975 Ford F600 Truck, VIN #F61DVV82206
1978 Chevrolet C60 Truck, VIN #CCE628V151477
1952 Chevrolet 6400 Truck, VIN #KEA765459
1951 Chevrolet 6600 Truck, VIN #JEA466519
1950 Chevrolet 2-ton Truck, VIN #HAC1105438

*Id.*, Ex. P.

Defendants Kinsey failed to make required payments on the notes and failed to pay applicable real property taxes.[3]  ECF No. 25-1 ¶ 25.  The promissory notes each contain a "default clause" that authorize Plaintiff to "declare all or any part of any such indebtedness immediately due and payable" in the event of default.  ECF No. 1-1, Exs. A, C, E, F, I.  The mortgages contain a similar acceleration clause and also authorize foreclosure in the event of default.  *Id.*, Exs. B, D, G, J.

After Defendants Kinsey failed to make payments, Defendants were provided with a "Notice of Availability of Loan Servicing to Borrowers Who are 90 Days Past Due" on October 27, 2008.  ECF No. 25-2.  On November 28, 2008, Defendants were provided with a "30 Day Reminder of the Notice of Availability

---

[3] On September 11, 2009, a representative of Plaintiff recorded a partial release, which released the real property described therein from a lien of the mortgages previously described.  ECF Nos. 1-1, Ex. K; 8 ¶ 12.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

1    of Loan Servicing." ECF No. 25-3. On December 30, 2008, after Defendants

2    Kinseys' continued failure to make payments on the notes or respond to the above

3    notices, Plaintiff provided Defendants with an "Intent to Accelerate" notice. ECF

4    No. 25-4. Subsequently, Plaintiff declared all indebtedness due and payable by

5    notice on October 15, 2009. ECF No. 25-5.

6         In accordance with the provisions of the promissory notes, mortgages,

7    Shared Appreciation Agreement, security agreements, and financing and

8    continuation statements, Defendants Kinsey owe Plaintiff $412, 229.30 (the sum of

9    $367,824.96 principal and $44,404.34 interest accrued through May 27, 2014) plus

10   interest accruing thereafter at the daily rate of $28.5629 from May 27, 2014, to the

11   date of judgment. ECF No. 25-1 ¶ 32. According to the terms of the mortgages

12   and security agreements, Plaintiff may foreclose its interest in the real and personal

13   property.[4] *Id.* ¶ 33 (citing ECF No. 1-1, Exs. B, D, G, J). As declared to by Lisa

14   Ruff, a Farm Loan Manager for the FSA, Plaintiff has an interest superior to

15   Defendants Kinseys' interests in the real and personal property subject to

16   foreclosure. *Id.* ¶ 40.

17   ///

18   ///

19   ───────────────
     [4] Plaintiff is not seeking a deficiency judgment against Defendants Kinsey. ECF

20   Nos. 1 at ¶ 19; 25-1 ¶¶ 37-38.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id.* "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.*(internal quotation marks omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence

supporting the claimed factual dispute, rather than resting on mere allegations).

Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is

insufficient to raise genuine issues of fact and defeat summary judgment.

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  In ruling

upon a summary judgment motion, a court must construe the facts, as well as all

rational inferences therefrom, in the light most favorable to the non-moving party,

*Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be

admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,

773 (9th Cir. 2002).

    In order to prevail on its motion for summary judgment, Plaintiff must

demonstrate the following: the existence and execution of promissory notes, real

estate mortgages, and security agreements; that the agreements were in favor of

Plaintiff; that Defendants failed to make payments and are now in default; that the

notes, mortgages, and security agreements provided for acceleration of the debt in

the case of default and that the mortgages provide for foreclosure on default; that

the FSA took all actions required under applicable regulations in exercising its

foreclosure rights; that Defendants owe a sum certain; and that Plaintiff's security

position is senior to all other interests.  *See United States v. Pritchett Farms, Inc.*,

No. CV-07-3090-FVS, 2008 WL 4282754, at *2-*4 (E.D. Wash. Sept. 17, 2008);

*United States v. Johnson*, 2007 WL 655511, at *3 (E.D. Wash. Feb. 27, 2007); 7 U.S.C. § 1981d.

### 1. Promissory Notes

It is undisputed that Defendants Kinsey executed and delivered the following promissory notes to Plaintiff: September 9, 2002 note in the amount of $200,000; May 8, 2003 note in the amount of $205,893.15; May 10, 2004 notes in the amount of $178,390 and $159,330; and July 20, 2006 note in the amount of $88,293.22. ECF Nos. 1-1, Exs. A, C, E, F, I; 8 ¶¶ 2, 4, 6, 7, 10. Each of these notes set forth a payment schedule. ECF No. 1-1, Exs. A, C, E, F, I.

### 2. Security

It is also undisputed that these promissory notes were secured by mortgages executed and recorded on September 11, 2002, May 12, 2003, May 10, 2004, and July 24, 2006. ECF Nos. 1-1, Exs. B, D, G, J; 8 ¶¶ 3, 5, 8, 11. To further secure payment of the promissory notes, it is undisputed that Defendants Kinsey executed security agreements on March 14, 2002, May 8, 2003, and April 26, 2004, describing all farm equipment (except small tools and inventory) now owed or hereafter acquired, and any and all crops, annual and perennial, planted, growing or grown or harvested. *Id.*, Exs. L, M, N. As a result of the filing of these financing statements, these agreements were perfected. *Id.*, Ex. 0. Plaintiff has

acquired and maintained a perfected security interest in farm equipment, detailed above. *Id.*, Ex. P.

### 3. Holder

It is undisputed that Plaintiff is the holder of executed promissory notes, mortgages, and security agreements. *See id.*

### 4. Default

It is undisputed that Defendants Kinsey are in default, having failed to make requisite loan payments and real estate taxes. ECF No. 25-2 ¶ 25. It is also undisputed that the executed promissory notes and mortgages contain acceleration clauses, permitting Plaintiff to declare all or any part of the debt immediately due and payable upon default, and that Plaintiff may foreclose on the property in the event of default. *See* ECF No. 1-1.

### 5. Notice

It is undisputed that Plaintiff took all actions required under applicable regulations before accelerating the debt owed by Defendants Kinsey and commencing this foreclosure action. ECF Nos. 25-2; 25-3. Pursuant to 7 U.S.C. § 1981d, a borrower who is at least 90 days late is entitled to notice of loan servicing programs and the opportunity to administratively appeal the notice or denial of loan servicing. Further, a foreclosure action cannot be brought until the borrower has been given the opportunity to appeal any adverse decision. 7 U.S.C.

§ 2001(g).  Defendants were provided notice of the availability of loan servicing

on October 27, 2008, and November 28, 2008.  ECF Nos. 25-2; 25-3.  When

Defendants Kinsey continued to fail to make payments or respond to Plaintiff's

notices, Plaintiff sent Defendants an "Intent to Accelerate" and "Notice of

Acceleration," ECF Nos. 25-4; 25-5, and ultimately commenced this foreclosure

action.

### 6.  Sum Owing and Due

Defendants owe a sum certain to Plaintiff.  The balance of indebtedness

totals $412, 229.30 ($367,824.96 principal and $44, 404.34 interest accrued

through May 27, 2014), plus interest accruing thereafter at the daily rate of

$28.5629 from May 27, 2014, to the date of judgment.  ECF No. 25-1 ¶ 32.

### 7.  Seniority

Under Washington State law, *see United States v. Kimbell Foods, Inc.*, 440

U.S. 715, 718 (1979), it is undisputed that Plaintiff's security position is senior to

all named defendants.  *See Berger v. Baist*, 165 Wash. 590, 594 (1931) ("Generally

speaking, a mortgage, as soon as it is recorded, acquires priority which cannot be

affected by any subsequent conveyance or incumbrance of the mortgaged

property."); *see also Pritchett Farms, Inc.*, 2008 WL 4282754, at *4 ("The creditor

first in time to record is first in right.").  As declared by Ms. Ruff, Defendants

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

interests are inferior to the interest of Plaintiff in the property sought to be foreclosed.  ECF Nos. 25 ¶ 11; 25-1 ¶ 40.

*****

Accordingly, finding no genuine issue of material fact in dispute, Plaintiff's motion for summary judgment (ECF No. 24) is **GRANTED**.

**IT IS ORDERED**:

1.  United States of America's Motion and Memorandum for Summary Judgment (ECF No. 24) is **GRANTED**.

2.  Counsel for Plaintiff shall file an affidavit setting forth the amount of judgment to which it is entitled and submit its requested Decree of Foreclosure within 14 days of this order.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** July 27, 2015.

THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13